IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARCOS RIOS VARGAS,

Plaintiff,

v.

LILLIAN HERNANDEZ-NIEVES,
JUNTA DE LIBERTAD BAJO PALABRA,

Defendants.

CIVIL NO. 11-1809 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

On August 19, 2011, plaintiff Marcos Ríos-Vargas (hereafter "plaintiff Ríos") filed a *pro se* complaint claiming violations to his civil rights, under 42 U.S.C. §1983, and for emotional damages caused to him for being unjustly ordered imprisoned by defendants for a violation to the conditions of parole. (Docket No. 3).

On December 7, 2011, defendants Lillian Hernández-Nieves and Junta de Libertad bajo Palabra filed a "Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6)" moving the court to dismiss plaintiff's complaint with prejudice for the following reasons: a) plaintiff fails to state a claim upon which relief can be granted under 42 U.S.C. §1983; b) plaintiff's claims against defendants are barred by the Eleventh Amendment; c) the instant complaint is time barred by the one year statute of limitations; and d) defendants are entitled to qualified immunity. (Docket No. 18). Defendants properly certify they sent to plaintiff a copy of the dispositive motion via regular mail to his address of record. (Id., p. 16).

<u>Marcos Rios Vargas v. Lillian Hernandez-nieves, Junta De Libertad Bajo Palabra</u>
Civil No.  11-1809 (CVR)
Opinion and Order
Page 2

---

Plaintiff has not filed an opposition to the request for dismissal.  Since we find that plaintiff's complaint is time barred, under the applicable statute of limitations, we limit our discussion to said ground for dismissal.

**MOTION TO DISMISS STANDARD**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissal may be warranted for failure to state a claim upon which relief can be granted.[1]

To elucidate a motion to dismiss the Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996).  A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." <u>Romero-Barceló v. Hernández-Agosto</u>, 75 F.3d 23, 28 n. 2 (1st Cir. 1996) (*quoting* <u>Gooley v. Mobil Oil Corp.</u>, 851 F.2d 513, 514 (1st Cir. 1988)). The Court, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss.  <u>Abbott, III v. United States</u>, 144 F.3d 1, 2 (1st Cir. 1998) (*citing* <u>Shaw v. Digital Equip. Corp.</u>, 82 F.3d 1194, 1216 (1st Cir. 1996)).

The Supreme Court most recent opinion changes the standard for a motion to dismiss so that plaintiff will now have to include more information in the pleadings if he/she wants to survive a 12(b)(6) motion.  *See* <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544,

---

[1] Said rule provides:
> ... (b) How to Present Defenses.  Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion:
> ....
> ... (6) failure to state a claim upon which relief can be granted ...

127 S. Ct. 1955, 1969 (2007).[2]  The First Circuit has cited to this decision and has already noted this new standard in Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), copied in part below:

> At the outset, we note that even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1967, 167 L. Ed. 2d 929 (2007). In so doing, the Court disavowed the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Twombly, 127 S. Ct. at 1969. The Court found that the "no set of facts" language, if taken literally, would impermissibly allow for the pleading of "a wholly conclusory statement of [a] claim," and that "after puzzling the profession for 50 years, this famous observation has earned its retirement." Id. at 1968, 1969.

Similarly under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, the factual statements of the complaint are considered true, indulging every reasonable inference helpful to plaintiff's cause. However, the tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions and mere recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Ashcroft v. Iqbal, ___U.S. ___, 129 S.Ct. 1937, 1949 (2009).

## LEGAL ANALYSIS

On August 19, 2011, plaintiff Ríos filed the present complaint for claims under Section 1983 related to his imprisonment pursuant to an order of the Parole Board for a

---

[2] No heightened fact pleading of specifics is required but only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic, 127 S.Ct. at 1974.

<u>Marcos Rios Vargas v. Lillian Hernandez-nieves, Junta De Libertad Bajo Palabra</u>
Civil No.  11-1809 (CVR)
Opinion and Order
Page 4

violation to the conditions of parole on December 21, 2009.  Plaintiff was released from prison on April 9, 2010 after a hearing was held.

The Civil Rights Act does not provide a statute of limitations. Therefore, the courts must borrow the state's limitation period governing personal injury actions. See <u>Wilson v. García</u>, 471 U.S. 261, 266 (1985); <u>Nieves v. McSweeney</u>, 241 F.3d 46, 51 (1st Cir. 2001). Under Puerto Rico law, the applicable limitations period for personal injury actions is one year. See P.R.Laws Ann. tit. 31, § 5298 (2006); <u>Carreras-Rosa v. Alves Cruz</u>, 127 F.3d 172, 174 (1st Cir. 1997). Accordingly, the one-year term applies for section 1983 actions in Puerto Rico. <u>Torres v. Superintendent of the Police of P.R.</u>, 893 F.2d 404, 406 (1st Cir. 1990). "The underlying premise for the limitations period is to protect both the defendants from having to defend from distant events as well as those affected individuals who timely prosecute their claims." <u>Del Carmen Rodríguez v. Trujillo</u>, 507 F.Supp.2d 131, 135 (D. Puerto Rico 2007) (citing <u>Vistamar, Inc. v. Fagundo-Fagundo</u>, 430 F.3d 66, 70-71 (1st Cir. 2005); <u>Morris v. Gov't Dev. Bank of P.R.</u>, 27 F.3d 746, 750 (1st Cir. 1994)).

"[I]t is well-established in this circuit—that the relevant statute of limitations for civil rights claims in Puerto Rico is one year." <u>Vistamar, Inc. v. Fagundo–Fagundo</u>, 430 F.3d at 69–70; *see also* <u>Rodríguez–García v. Municipality of Caguas</u>, 354 F.3d 91, 96 (1st Cir .2004); <u>Nieves v. McSweeney</u>, 241 F.3d at 50–52 (applying common prescription standard to related claims under section 1983 and section 1985). Although federal civil rights claims borrow that statute of limitations from Puerto Rico law, "[i]t is federal law ... which determines when the statute of limitations begins to run." <u>Moran Vega v. Cruz Burgos</u>, 537

---

F.3d 14, 20 (1st Cir. 2008) (citing Marrero–Gutiérrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007)). "Section 1983 claims generally accrue 'when the plaintiff knows or has reason to know of the injury on which the action is based,' … and a plaintiff is deemed to know or have reason to know 'at the time of the act itself and not at the point that the harmful consequences are felt.' " Id. (quoting Marrero–Gutiérrez, 491 F.3d at 5). Therefore, the one-year statute of limitations for actions brought under section 1983 "begins running one day after the date of accrual, which is the date plaintiff knew or had reason to know of the injury". González García v. P.R. Elec. Power Auth., 214 F.Supp.2d 194, 200 (D. Puerto Rico 2002); Benítez–Pons v. Commonwealth of Puerto Rico, 136 F.3d 54, 59 (1st Cir. 1998).

The running of the statute of limitations period for a claim of this nature can be tolled by any extrajudicial claim made by the debtor, and by any act of acknowledgment of the debt by the debtor. Art. 1873 of the Puerto Rico Civil Code specifically proscribes that "[the p]rescription of actions is interrupted by their institutions before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor." 31 P.R. Laws Ann. § 5303 (1990). In order to set the standard for what constitutes an extrajudicial claim, the Supreme Court of Puerto Rico has relied on the definition provided by the commentator to the Civil Code Diez Picazo. "In principle, claim stands for demand or notice. That is: it is an act for which the holder of a substantive right addresses the passive subject of said right, demanding that he adopt the required conduct. The claim, then, is a pretension in a technical sense." Rodríguez Narváez v. Nazario, 895 F.2d 38, 44

(1st Cir. 1990); Díaz de Diana v. A.J.A.S. Ins. Co., 110 P.R. Dec. 471, 476 (1980); Secretario del Trabajo v. Finetex, 116 DP.R. Dec.823, 827 (1986).

On December 21, 2009, plaintiff was incarcerated for a violation to his conditions of parole. Thus, plaintiff's his claims accrued on this day because it is when plaintiff knows or has reason to know of the injury on which the action is based. Thus, plaintiff had one year to file his Section 1983 claim, term which expired on December 21, 2010. However, the complaint in this case was filed on August 19, 2011, way past the one year statute of limitations. (Docket No. 3). As such, plaintiff's complaint for claims under Section 1983 is time barred.

However, for the sake of the argument and taking into account that plaintiff is *pro se*, it can be argued that his claims accrued on April 19, 2010 when he was released from prison after a hearing. Even then, the one year statute of limitations would have expired on April 19, 2011, that is four (4) months prior to the filing of the complaint in this case on August 19, 2011.

Finally, we note that no grounds warranting tolling in this case have been raised by plaintiff or are deemed applicable.

Therefore, in view of the foregoing, the instant complaint is time barred. As such, we need not discuss the other grounds raised by defendants in support of the request for dismissal.

<u>Marcos Rios Vargas v. Lillian Hernandez-nieves, Junta De Libertad Bajo Palabra</u>
Civil No. 11-1809 (CVR)
Opinion and Order
Page 7

## **CONCLUSION**

In view of the foregoing, defendants' "Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6)" is GRANTED and all of plaintiff's claims are DISMISSED WITH PREJUDICE. (Docket No. 18).

Judgment is to be entered accordingly.

IT IS SO ORDERED.

The parties have fourteen (14) days to file any objections to this report and recommendation. Amended Fed. R. Crim P. 59 (b)(2). *See* Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-151 (1st Cir. 1994); <u>United States v. Valencia</u>, 792 F.2d 4 (1st Cir. 1986). *See* <u>Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.</u>, 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 26th day of January of 2012.

                                          s/CAMILLE L. VELEZ-RIVE
                                          CAMILLE L. VELEZ-RIVE
                                          UNITED STATES MAGISTRATE JUDGE